**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Johann A. Bass, | ) | No. CV-13-00009-PHX-FJM (JFM) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Correctional Health Services et al, | ) ) | |
| Defendant. | ) ) | |
| | ) | |

The court has before it a Report and Recommendation of the magistrate judge screening plaintiff's first amended complaint. (Doc. 72). No objections have been filed by the existing parties.

We raise two issues as a preliminary matter. Plaintiff's original complaint had earlier been screened (Doc. 7). Service was effected and a motion to dismiss was filed. (Doc.26). The magistrate judge then granted plaintiff's motion to amend. (Doc. 66). This mooted the motion to dismiss (Doc. 69). In our view, at this point, no further screening was required under 28 U.S.C. §1915A(a). The review involved in granting a motion to amend would have been adequate. Indeed, one pre-service screening is sufficient to satisfy §1915A(a). Once service has been made, as here, a defendant has already been put through the burden of appearing and thus the purpose of the statute (to relieve defendants of the burden of answering groundless complaints) will have been satisfied. The court can always, at later stages of the case, as here on a motion to amend, dismiss under 42 U.S.C. §1997e(c).

1    Secondly, even if it is thought to be helpful to screen post service, the better practice

2    would be to avoid a Report and Recommendation, which must be filed, and to which

3    objection can be made, and about which the district judge may disagree. Acknowledging that

4    a magistrate judge cannot decide a "matter dispositive of a claim or defense or a prisoner

5    petition challenging the conditions of confinement," Rule 72(b)(1), Fed. R. Civ. P., a post

6    service motion to amend could be considered and decided in the first instance by the district

7    judge.

8    Nevertheless, we have reviewed the Report and Recommendation and accept it under

9    Rule 72(b), Fed. R. Civ. P. (Doc. 72). We note, however, that this case is now over one year

10   old and no scheduling order has been entered. Under Rule 16(b)(2), Fed. R. Civ. P., the court

11   must issue a scheduling order as soon as practicable, "but in any event within the earlier of

12   120 days after any defendant has been served with the complaint or 90 days after any

13   defendant has appeared." Defendants had been served in May 2013 and appeared in July

14   2013 (doc. 26). Accordingly, it is ORDERED as follows:

15   1. The magistrate judge shall issue a Scheduling Order no later than February 14,

16   2014, including, inter alia, cutoff dates for identification of Does, service of process,

17   discovery, dispositive motions, and a proposed pretrial order (4 months from the dispositive

18   motion deadline). See LRCiv 16.2(b)(2)(B). The schedule selected should ensure that this

19   case, if not decided sooner, will go to trial no later than January 2015. No extensions should

20   be granted that would interfere with this case being terminated within two years from its

21   filing. No further amendments to add claims or parties shall be allowed.

22   2. Pursuant to 28 U.S.C. § 1915A, Defendant CH 904 is DISMISSED WITHOUT

23   PREJUDICE.

24   3. As to Defendant Maricopa County, Counts One and Two are DISMISSED

25   WITHOUT PREJUDICE.

26   4. As to Defendant Alvarez, Count Two is DISMISSED WITHOUT PREJUDICE.

27   5. Answers to the First Amended Complaint are required as follows: (1) as to Count

28   One, from Defendants Cranmer, Friedman, Gaskins, Johnson, and Alvarez; (2) as to Count

Two, from Defendants Johnson and Gaskins; and (3) as to Count Three, from Defendants Johnson, Gaskins, and Maricopa County.

6.  Plaintiff shall serve Defendants Cranmer, Friedman, Gaskins, Johnson, Alvarez, and Maricopa County, and these Defendants are required to respond as follows:

(a) The Clerk of the Court shall send Plaintiff a service packet including both summons and request for waiver forms for these Defendants.

(b) Plaintiff shall complete and return the service packet to the Clerk of the Court within 20 days of the date of the filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(c) The United States Marshal shall retain the Summons, a copy of the amended complaint, and a copy of this Order for future use.

(d) The United States Marshal shall notify these Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d), Fed. R. Civ. P.  The notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by Defendants within 30 days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(1) Personally serve copies of the Summons, the amended Complaint and this Order upon Defendants pursuant to Rule 4(e)(2), Fed. R. Civ. P.

(2) Within 10 days after personal service is effected, file the return of service for the Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendants. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, the amended complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendants pursuant to Rule 4(d)(2) and (5), Fed. R. Civ. P., unless otherwise ordered

- 3 -

1  by the Court.

2      (e) Defendants who agree to waive service of the Summons and the amended

3  complaint shall return signed waiver forms to the United States Marshal, and not to Plaintiff.

4      (f) Defendants shall answer the amended complaint or otherwise respond by

5  appropriate motion within the time provided by the applicable provisions of Rule 12(a), Fed.

6  R. Civ. P.

7      (g) Any answer or responsive pleading shall state the specific Defendant(s) by name

8  on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other

9  motion or paper that does not identify the specific Defendant(s) by name on whose behalf

10 it is filed.

11     DATED this 30th day of January, 2014.

12

13     _Frederick J. Martone_

14     Frederick J. Martone
       Senior United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28